# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ALEXANDER NUNEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil No. |
| v. | ) | 13-11370-FDS |
| | ) | |
| DRUG ENFORCEMENT ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER ON
## DEFENDANT'S MOTION TO DISMISS

**SAYLOR, J.**

This is a case seeking the return of property forfeited to law enforcement. On May 2, 2011, the Drug Enforcement Administration seized $7,113 from 16 Charles Street, Apt. 1R, Chicopee, Massachusetts.[1] On June 7, 2013, plaintiff Alexander Nunez brought suit against the DEA, contending that the money was his and that he was "never presented with proofs of violating laws governing forfeiture reasoning." (Compl. ¶ 5).

Defendant has moved to dismiss under Fed. R Civ. P. 12(b)(1), contending that plaintiff had adequate notice of the forfeiture and that the Court lacks subject-matter jurisdiction to hear any claims except for the claim that the notice was inadequate. As of the date of this opinion, plaintiff has not opposed the motion to dismiss.

For the following reasons, the motion to dismiss will be granted.

---

[1] The address in the complaint, 16 Charlse Street, appears to be a typographical error.

I.   **Background**

On May 2, 2011, the DEA seized $7,113 from 16 Charles Street, Apt. 1R, in Chicopee, Massachusetts. (Compl. ¶ 3; Rashid Aff. ¶ 4(a)). According to the complaint, the money belonged to Alexander Nunez. (Compl. ¶ 4). The DEA subsequently began the process for administrative forfeiture of that money. (Rashid Aff. ¶ 4(a)).

On June 7, 2011, the DEA sent written notice of the seizure by certified mail to Nunez at his apartment at 16 Charles Street. (*Id.* ¶ 4(b)). An individual accepted delivery of the notice on June 15, 2011. (*Id.* ¶ 4(c)). The name in the signature block appears to be "Alex N." (*See id.*, Ex. 2). Notices of the seizure of the property were also published in *The Wall Street Journal* in the weeks of June 20, June 27, and July 5, 2011. (*Id.* ¶ 4(d)). The mailed notices stated that the deadline to file a claim for the seized property was July 12, 2011. (*Id.*). The published notices stated that the deadline to file a claim was August 4, 2011. (*Id.*).

The DEA received no claim for the property by August 17, 2011. (*Id.* ¶ 4(e)). On that day, the money was forfeited to the United States. (*Id.*).

On May 29, 2013, the DEA received a petition from Nunez for return of the property. (*Id.* ¶ 4(f)). The DEA did not consider or address the petition because it was filed late. (*Id.*).

According to the complaint, Nunez believed that his former lawyer was working on the return of the forfeited funds. (Compl. ¶ 6). He contends that had his former lawyer not misguided him, he would have pursued return of his property in a more timely manner. (*Id.* ¶ 7).

Nunez brought suit against the DEA on June 7, 2013. The complaint alleges that Nunez "was never charged or presented with any connection to any 'DEA' investigation warranting seizure of his property," and "was never presented with proofs of violating laws governing

forfeiture reasoning." (Compl. ¶¶ 2, 5). On March 24, 2014, the DEA filed a motion to dismiss for lack of subject-matter jurisdiction.

## II. Standard of Review

Pursuant to Fed R. Civ. P. 12(b)(1), a defendant may move to dismiss an action based on lack of federal subject-matter jurisdiction. Because federal courts are considered courts of limited jurisdiction, "[t]he existence of subject-matter jurisdiction 'is never presumed.'" *Fafel v. Dipaola*, 399 F.3d 403, 410 (1st Cir. 2005) (quoting *Viqueira v. First Bank*, 140 F.3d 12, 16 (1st Cir. 1998)). Rather, "'the party invoking the jurisdiction of a federal court carries the burden of proving its existence.'" *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995) (quoting *Taber Partners, I v. Merit Builders, Inc.*, 987 F.2d 57, 60 (1st Cir. 1993)). Once a defendant challenges the jurisdictional basis for a claim under Rule 12(b)(1), the plaintiff bears the burden of proving jurisdiction. *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942); *Johansen v. United States*, 506 F.3d 65, 68 (1st Cir. 2007).

When ruling on a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), the district court "must credit the plaintiff's well-[pleaded] factual allegations and draw all reasonable inferences in the plaintiff's favor." *Merlonghi v. United States*, 620 F.3d 50, 54 (1st Cir. 2010). "The district court may [also] . . . 'consider whatever evidence has been submitted, such as the depositions and exhibits submitted.'" *Id.* (quoting *Aversa v. United States*, 99 F.3d 1200, 1210 (1st Cir. 1996)).

## III. Analysis

### A. Sovereign Immunity

"Under settled principles of sovereign immunity, 'the United States, as sovereign, is

immune from suit, save as it consents to be sued and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *United States v. Dalm*, 494 U.S. 596, 608 (1990) (quoting *United States v. Testan*, 424 U.S. 392, 399 (1976)) (internal quotations and alterations omitted); *see also* Charles A. Wright & Arthur R. Miller, 14 Fed. Prac. & Proc. § 3654 (3d ed.) ("The natural consequence of the sovereign immunity principle is that the absence of consent by the United States is a fundamental defect that deprives the district court of subject matter jurisdiction."). Defendant, as an agency of the United States, is entitled to sovereign immunity. *Sarit v. U.S. Drug Enforcement Admin.*, 987 F.2d 10, 16 (1st Cir. 1993).

The Administrative Procedures Act, 5 U.S.C. § 702, provides an explicit waiver of sovereign immunity for individuals seeking equitable relief if they have suffered "a legal wrong because of agency action." 5 U.S.C. § 702; *see also Sarit*, 987 F.2d at 16. That waiver is limited, however, "where 'statutes preclude judicial review.'" *Sarit*, 987 F.2d at 16 (quoting 5. U.S.C. § 701(a)(1)).

The forfeiture statute that applies in this case, 19 U.S.C. § 1607, qualifies as a statute that precludes judicial review. *Id.* at 17. Defendant is therefore immune from plaintiff's suit for return of forfeited property if it followed the requirements of the forfeiture statute. *See id.* ("The district court correctly interpreted § 701(a)(1) to find that the forfeiture statute precluded judicial review in this case.").

### B. Statutory Forfeiture Scheme

In 21 U.S.C. § 881(a), Congress has provided for the civil forfeiture of property or money "furnished or intended to be furnished by any person in exchange for a controlled substance . . . , all proceeds traceable to such an exchange, and all moneys . . . used or intended to be used to

4

facilitate any violation of this subchapter." 21 U.S.C. § 881(a)(6). "[P]roperty worth $500,000 or less is subject to administrative forfeiture without judicial involvement." *United States v. Giraldo*, 45 F.3d 509, 510 (1st Cir. 1995) (citing 19 U.S.C. § 1607)).

Before forfeiture, the government is required "to publish notice of its intent to forfeit the property once a week for three weeks and to send written notice to any party known to have an interest in the property." *Id.* (citing 19 U.S.C. § 1607(a)). Requirements for notices of seizure are governed by 19 U.S.C. § 1607 and related regulations promulgated by the Secretary of the Treasury. *See* 19 U.S.C. 1607(a)(4). A claimant has twenty days after the first publication of notice to file a claim for the property. *Id.* § 1608. If no timely claim is filed, the property is forfeited. *Id.* § 1609(a).

An individual can set aside an administrative forfeiture under 18 U.S.C. § 983(e). That statute provides that "[a]ny person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property." 18 U.S.C. § 983(e)(1). A court may grant a motion to set aside a declaration of forfeiture "[n]otwithstanding the expiration of any applicable statute of limitations." *Id.* § 983(e)(2)(A).

Under that statutory regime, "it is well settled that, once an administrative forfeiture becomes final, the district court may review only the adequacy of notice." *Caraballo v. U.S. D.E.A.*, 62 Fed. Appx. 362, 363 (1st Cir. 2003) (*per curiam*). If plaintiff had proper notice of the forfeiture, the Court has no subject-matter jurisdiction over his other claims. *See Sarit*, 987 F.2d at 16-17 (holding that plaintiff's claims for return of property after forfeiture were barred by sovereign immunity where notice of forfeiture was adequate).

5

### C. Notice to Plaintiff

Under the statutory scheme, the government is required "to publish notice of its intent to forfeit the property once a week for three weeks and to send written notice to any party known to have an interest in the property." *Giraldo*, 45 F.3d at 510. "The notice of seizure and intent to forfeit the property shall advise any persons who may have a present ownership interest in the property to submit their petitions . . . within 30 days of the date they receive the notice." 28 C.F.R. § 9.3. Notices are also required to "include the title of the seizing agency, the ruling official, the mailing address and street address of the official to whom petitions should be sent, and an asset identifier number." 28 C.F.R. § 9.3.

Defendant sent notice by certified mail to Nunez at his address, and it appears that someone with the name "Alex N." signed for the notice. (Rashid Aff., Ex. 2).[2] Defendant also published notice of the forfeiture in *The Wall Street Journal* for three weeks. (Rashid Aff., Ex. 5). The notices complied with statutory and regulatory requirements. *See* 19 U.S.C. § 1607(a)(4); 28 C.F.R. § 9.3. The complaint also alleges that plaintiff's lawyer told him that he was working on the issue. Plaintiff therefore had adequate notice of the administrative forfeiture proceedings. *See Sarit*, 987 F.2d at 16 (notice was adequate where the DEA sent notice to address where currency was seized and the notice was returned unclaimed; the DEA published the notice in *USA Today*; and the DEA gave plaintiffs' counsel a memorandum stating they would institute forfeiture proceedings over the money).[3]

---

[2] Plaintiff has not denied that the signature is his.

[3] An individual may also allege a constitutional violation of due process due to inadequate notice in a civil rights action. *Giraldo*, 45 F.3d at 511. Due process in the administrative forfeiture context, however, is satisfied when the government fulfills the requirements of the statutory regime if it does not know, at the time the notice is sent, that the notice is likely to be ineffective. *Sarit*, 987 F.2d at 15-16. Because there is no allegation that

Plaintiff contends that he should be allowed to pursue his claim because his former lawyer falsely told him he was working on the issue. He contends that otherwise, he would not have filed a late claim. Even if plaintiff could toll the limitations period on his claim by contending legal malpractice, he waited almost two years to send a claim to defendant. In any event, because plaintiff had adequate notice of the forfeiture, the Court is barred from reviewing defendant's decision not to consider the late claim by the doctrine of sovereign immunity. *See Sarit*, 987 F.2d at 17.

Accordingly, defendant's motion to dismiss will be granted.

## IV. Conclusion

For the foregoing reasons, defendant's motion to dismiss is GRANTED. Plaintiff's petition for return of property is DENIED.

**So Ordered.**

|  |  |
|---|---|
| Dated: May 14, 2014 | /s/ F. Dennis Saylor<br>F. Dennis Saylor IV<br>United States District Judge |

---

defendant acted in bad faith in this case, there is no allegation of a constitutional due process violation.